JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY S. CORDREY (Bar No. 190144)
gcordrey@jmbm.com
JOSEPH J. MELLEMA (Bar No. 248118)
jmellema@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

Attorneys for Plaintiff THERABODY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,,<br><br>Plaintiff,<br><br>v.<br><br>ADURO PRODUCTS LLC; JACK BRACHA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00596<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) INFRINGEMENT OF U.S. PATENT NOS. 10,702,448; 10,918,565; 11,160,722;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Therabody, Inc. ("Therabody") files this complaint against defendants Aduro Products LLC and Jack Bracha (collectively, "Aduro") and Does 1-10, inclusive (collectively "Defendants").

## THE PARTIES

1. Therabody is, and at all times relevant hereto was, a corporation duly

organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

2. Therabody is informed and believes and, based thereon, alleges that defendant Aduro Products LLC is a New Jersey limited liability company, with offices at 250 Liberty Street, Metuchen, New Jersey 08840.

3. Therabody is informed and believes and, based thereon, alleges that defendant Jack Braha is a resident of the state of New York and the owner of Aduro.

4. Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

5. Therabody is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing percussive massage devices described below.

6. Therabody is informed and believes and thereon alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Therabody is further informed and believes and on that basis alleges that, in doing the things alleged in this Complaint, each of the Defendants was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of one or more of the other Defendants.

## JURISDICTION AND VENUE

7. This is an action for (a) breach of contract and (b) patent infringement under the patent laws of the United States, 35 U.S.C. § 271.

8. This Court has subject matter jurisdiction over the breach of contract

claims under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. The Court has subject matter jurisdiction over the patent claims pursuant to 28 U.S.C. § 1338.

9. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), Defendant Aduro's consent to the exclusive jurisdiction of courts in County of Los Angeles, State of California for Theragun's breach of contract claim, and under pendent venue doctrine given that Theragun's patent infringement claims arise out of the same nucleus of operative fact as its properly venued claim for breach of contract. Therabody is informed and believes and, based thereon, alleges that, all Defendants distribute, promote, market, use, sell, offer for sale, import, and/or advertise their infringing products in or to this District and/or to businesses and individuals in this District. Therabody is further informed and believes and, based thereon, alleges that Defendants derive substantial revenue from the distribution, promotion, marketing, manufacture, use, sale, offer for sale, or import of infringing products in or to this District.

## GENERAL ALLEGATIONS

10. Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor. Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including patenting its innovative products.

11. Therabody is the owner of United States Patent Number 10,702,448 entitled "Percussive Massage Device and Method of Use" (hereinafter the '448 Patent), issued on July 7, 2020. A true and correct copy of the '448 Patent is attached hereto as Exhibit A.

12. The '448 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '448 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '448 Patent are

novel and non-obvious.

13. Therabody is the owner of United States Patent Number 10,918,565, entitled "Percussive massage device and method of use" (hereinafter the '565 Patent"), issued on February 16, 2021. A true and correct copy of the '565 Patent is attached hereto as Exhibit B.

14. The '565 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '565 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '565 Patent are novel and non-obvious.

15. Therabody is the owner of United States Patent Number 11,160,722, entitled "Percussive Therapy Device and Method of Use" (hereinafter the '722 Patent"), issued on November 2, 2021. A true and correct copy of the '722 Patent is attached hereto as Exhibit C.

16. The '722 Patent pertains to a vibrating massage device or percussive massage device and method of use. The '722 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '722 Patent are novel and non-obvious. The '448, '565 and '722 Patents are hereafter "Asserted Patents."

17. Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award in Digital and Electronic Devices Design for its Therabody G3PRO design.

**Defendants' Conduct**

18. On or around July of 2021, Therabody became aware of an infringing percussive massage device made by Defendant Aduro, namely, the Aduro Sport Massage Gun Pro.

19. Following negotiations regarding Therabody's infringement claim, Therabody and Aduro entered into a Settlement Agreement effective December 9, 2021.

20. After the Effective Date of the Settlement Agreement, Therabody

became aware that Defendants were competing with Therabody in the percussive massage device industry by manufacturing and selling other percussive massage devices that infringe the Asserted Patents. Specifically, Defendants are marketing, promoting, advertising, using, selling, offering to sell, and/or importing the infringing device, the "Recovery Massage Gun Max Grip," shown below (the "Infringing Product").

21. The Infringing Product is integral to Defendants' product offering as shown on Amazon.[1] From this, it is apparent that Defendants have been actively advertising the Infringing Product, touting the products throughout a variety of markets and to numerous audiences. Therabody is informed and believes that Defendants sell their Infringing Product in the same marketing channels as Therabody.

22. On December 22, 2021, Therabody notified Defendants by their counsel of record that the Infringing Product was infringing Therabody's Asserted

---

[1] https://www.amazon.com/Aduro-Percussion-Massage-Massager-Athletes/dp/B09FL8QMN5/ref=sr_1_6?keywords=aduro+sport+massage+gun&qid=1641848461&sprefix=aduro+%2Caps%2C126&sr=8-6

Patents and demanded that Defendants immediately cease and permanently discontinue all manufacture, offer for sale, sale, use and importation of the Infringing Product.

23. As of the date of the filing of this complaint, Defendants continued to sell the Infringing Product despite notice that it was infringing the Asserted Patents.

## FIRST CAUSE OF ACTION

### Breach of Contract

(Against Aduro)

24. Therabody incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

25. The Settlement Agreement is a valid and enforceable contract between Therabody and Aduro.

26. Aduro breached the Settlement Agreement by, inter alia, making, marketing, advertising, selling, importing, offering for sale, and/or distributing the Infringing Product.

27. As a result of Aduro's breach, Therabody has suffered harm in an amount exceeding $75,000.

28. Aduro's breaches are without excuse under law or contract.

29. Therabody has fully performed all of its obligations and satisfied all conditions for performance under the Settlement Agreement.

30. Aduro has willfully, and with conscious disregard for the contractual obligations owed to Therabody, breached the Settlement Agreement.

31. Unless restrained and enjoined by the Court, Aduro will continue to breach the Settlement Agreement.

## SECOND CAUSE OF ACTION

### Patent Infringement of the '448 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

1   32.   Therabody realleges and incorporates by reference all foregoing
2   paragraphs as if fully set forth herein.
3   33.   At all times herein mentioned the '448 Patent was and is valid and fully
4   enforceable.
5   34.   Defendants are offering percussive massage devices that infringe at
6   least claim 6 of the '448 Patent, including at least the Infringing Product.
7   35.   Defendants' Infringing Product is a percussive massage device.
8   36.   As shown below, the Infringing Product includes a housing wherein the
9   housing includes first, second and third handle portions that cooperate to at least
10  partially define a handle opening.



21  37.   As shown below, Defendants' Infringing Product includes a first handle
22  portion that defines a first axis, a second handle portion defines a second axis and a
23  third handle portion defines a third axis, and wherein the first, second and third axes
24  cooperate to form a triangle.



38. As shown above, the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

39. The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

40. On information and belief, at least since Plaintiff's December 21, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '448 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '448 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '448 Patent.

41. On information and belief, at least since Plaintiff's December 21, 2021 email, Defendants have contributed to the infringement of the '448 Patent by their customers and users of the Infringing Product by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '448 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '448 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '448

1 Patent. Defendants continue to engage in acts of contributory infringement of the
2 '448 Patent even after receiving notice of its contributory infringement.

3     42. Defendants infringe literally or under the doctrine of equivalents, or
4 both.

5     43. At no time has Therabody granted Defendants authorization, license, or
6 permission to utilize the inventions claimed in the '448 Patent.

7     44. Therabody has been damaged by Defendants' acts of infringement of
8 the '448 Patent and Therabody will continue to be damaged by such infringement
9 unless enjoined by this Court. Therabody is entitled to recover damages adequate to
10 compensate for the infringement under 35 U.S.C. § 284.

11     45. Therabody is, and has been, irreparably harmed by Defendants' on-
12 going infringement including the following harm which cannot be quantified or
13 recouped through monetary damages: (1) lost market share that will be difficult, if
14 not impossible, to recoup later as the Infringing Product becomes entrenched with
15 retail sellers and trainers who recommend them to their clients, (2) loss of first
16 mover advantage that Therabody enjoyed as the first company to offer its innovative
17 percussive devices and patented attachments, (3) loss of Therabody's investment in
18 developing the market for percussive devices and its patented attachments,
19 (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable
20 effect on lost sales of related products, (6) price erosion due to Defendants'
21 Infringing Product being sold at a price point lower than Therabody's patented
22 products, (7) diversion of resources to defend against loss of market share caused by
23 sales of the Infringing Product, and (8) Defendants' unauthorized sales that are
24 enticing others to offer for sale and sell infringing attachments that leads to
25 additional irreparable harm described above.

26     46. Defendants' acts of infringement, including continuing the infringing
27 activities after receiving notice of Defendants' direct and indirect infringement, have
28 been, and continue to be, willful and deliberate and therefore warrant the award of

attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## THIRD CAUSE OF ACTION

### Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

47. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

48. At all times herein mentioned the '565 Patent was and is valid and fully enforceable.

49. Defendants are offering percussive massage devices that infringe at least claim 6 of the '565 Patent, including at least the Infringing Product.

50. Defendants' Infringing Product is a percussive massage device.

51. As shown below, the Infringing Product includes a housing wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening.



52. As shown below, Defendants' Infringing Product includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes

cooperate to form a triangle.



53. As shown above, the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

54. The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

55. On information and belief, at least since Plaintiff's December 21, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '565 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '565 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '565 Patent.

56. On information and belief, at least since Plaintiff's December 21, 2021 email, Defendants have contributed to the infringement of the '565 Patent by their customers and users of the Infringing Product by, *inter alia,* making, offering to sell,

selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '565 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '565 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '565 Patent. Defendants continue to engage in acts of contributory infringement of the '565 Patent even after receiving notice of its contributory infringement.

57. Defendants infringe literally or under the doctrine of equivalents, or both.

58. At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '565 Patent.

59. Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

60. Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants'

Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

61. Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTH CAUSE OF ACTION

**Patent Infringement of the '722 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

62. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

63. At all times herein mentioned the '722 Patent was and is valid and fully enforceable.

64. Defendants are offering percussive massage devices that infringe at least claim 12 of the '722 Patent, including at least the Infringing Product.

65. The Infringing Product is a percussive massage device.

66. As shown below, the Infringing Product includes a housing, wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion includes a first handle portion exterior edge, wherein the second handle portion includes a second handle portion exterior edge, wherein the third handle portion includes a third handle portion exterior edge, wherein the first handle portion exterior edge defines a first handle portion exterior edge extended, wherein the second handle portion exterior edge defines a second handle portion exterior edge extended, wherein the

third handle portion exterior edge defines a third handle portion exterior edge extended.



67. As shown below, the Infringing Product includes first, second and third exterior edges extended cooperate to define a triangle that surrounds the handle opening, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.



68. The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

69. As shown above, the Infringing Product includes the first handle portion exterior edge is generally straight, wherein the second handle portion exterior edge is generally straight, and wherein the third handle portion exterior edge is generally straight.

70. Defendants' infringe literally or under the doctrine of equivalents, or both.

71. On information and belief, at least since Plaintiff's December 21, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '722 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '722 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '722 Patent.

72. On information and belief, at least since Plaintiff's December 21, 2021 email, Defendants have contributed to the infringement of the '722 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '722 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '722 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '722 Patent. Defendants continue to engage in acts of contributory infringement of the '722 Patent even after receiving notice of its contributory infringement.

73. At no time has Therabody granted Defendants authorization, license, or

1 permission to utilize the design claimed in the '722 Patent.

2     74.    Therabody has been damaged by Defendants' acts of infringement of the '722 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

    75.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes en-trenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

    76.    Defendants' acts of infringement have been, and continue to be, willful and de-liberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284

## PRAYER FOR RELIEF

WHEREFORE, Therabody prays for judgment as follows:

    A.    A judgment that Defendants are liable on all causes of action alleged herein;

    B.    For an order requiring Defendants to account for all gains, profits, unjust enrichment, and other advantages derived from their breach of the Settlement

Agreement;

  C. For an order awarding Therabody is attorneys' fees and costs as the prevailing party pursuant to the terms of the Settlement Agreement;

  D. For an order finding that the Asserted Patents are valid and enforceable;

  E. For an order finding that Defendants have infringed the Asserted Patents directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

  F. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from further breaching the Settlement Agreement and infringing the Asserted Patents directly, contributorily and/or by inducement, or otherwise engaging in acts of unfair competition;

  G. For a judgment directing that any products in the possession, custody or control of Defendants which infringe the Asserted Patents be delivered up and destroyed within 30 days of entry of judgment;

  H. For a judgment directing Defendants to recall all such infringing products and any other materials sold, distributed, advertised or marketed which infringe the Asserted Patents;

  I. For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

  J. For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

  K. For compensatory damages in an amount to be proven at trial, including compensatory damages, lost profits and/or reasonable royalty, in amounts

to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

    L.    For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorney's fees according to proof;

    M.    For an order awarding Therabody its costs of court; and

    N.    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED: January 27, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
GREGORY S. CORDREY
JOSEPH J. MELLEMA
ROD S. BERMAN

By:    */s/ Gregory S. Cordrey*
       GREGORY S. CORDREY
Attorneys for Plaintiff THERABODY, INC.