Squire Patton Boggs (US) LLP
Tamara D. Fraizer (State Bar # 215942)
tamara.fraizer@squirepb.com
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
Telephone: +1 650 856 6500
Facsimile: +1 650 843 8777

Attorneys for Defendants
Aduro Products LLC and
Jack Braha

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC. (a Delaware corporation),<br><br>Plaintiff,<br><br>v.<br><br>ADURO PRODUCTS LLC (a New York limited liability company), JACK BRAHA (a New York resident), and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2-22-cv-00596-RGK-AFM<br><br>**DEFENDANTS' REPLY TO PLAINTIFF THERABODY, INC.'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. R. Gary Klausner<br><br>Date: May 9, 2022<br>Time: 9:00 am<br>Courtroom: 850 |

**TABLE OF CONTENTS**

Page

I. Introduction ..................................................................................................... 1
II. Argument ......................................................................................................... 2
   A. The FAC Does Not State a Claim for Breach of Contract ................... 2
   B. The Patent Claims Are Not Properly Venued in This Court ................ 4
      1. Aduro Did Not Consent to Patent Venue .................................... 4
      2. Aduro Does Not Have a "Regular And Established Place of Business" Within This Judicial District ................................ 5
      3. The Pendant Venue Doctrine Cannot Compensate For The Lack of Patent Venue Pursuant to 28 U.S.C. §1400 ........... 7
   C. The Patent Claims Are Not Properly Asserted Against Braha ............. 8
      1. The FAC Fails to Allege Facts to Support a Claim of Alter-Ego and/or Personal Liability of Braha .......................... 8
      2. This Court Lacks Personal Jurisdiction Over Braha .................. 9
   D. Narrowly Tailored Discovery is Not Warranted ................................. 10
III. Conclusion ..................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bank of the W. v. Superior Court*,
2 Cal. 4th 1254 (1992) ................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2008) ..................................................................................... 3

*Clark v. County of Tulare*,
755 F. Supp. 2d 1075 (E.D. Cal. 2010) ....................................................... 5

*In re Cray*,
871 F.3d 1355 (Fed. Cir. 2017) ............................................................... 5, 6

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
141 S. Ct. 1017 (2021) ............................................................................... 10

*Gamboa v. USA Cycling, Inc.*,
No. 2013 WL 1700951 (C.D. Cal. Apr. 18, 2013) ...................................... 6

*Gerritsen v. Warner Bros. Entm't Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015) ....................................................... 8

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*,
59 Cal. 4th 277 (2014) ................................................................................. 2

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*,
84 F.3d 1408 (Fed. Cir. 1996) ..................................................................... 8

*Leroy v. Great W. United Corp.*,
443 U.S. 173 (1979) ..................................................................................... 4

*In re Micron Tech.*,
875 F.3d 1091 (Fed. Cir. 2017) ................................................................... 5

*Olberding v. Illinois C.R. Co.*,
346 U.S. 338 (1953) ..................................................................................... 5

*Omega Patents, LLC v. CalAmp Corp.*,
2017 U.S. Dist. LEXIS 186645 (M.D. Fl. Sept. 22, 2017) ......................... 7

*Schnell v. Peter Eckrich & Sons, Inc.*,
   365 U.S. 260 (1961) ................................................................................................ 6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ................................................................................. 3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   137 S. Ct. 1514 (2017) ............................................................................................ 7

*Terrell v. Contra Costa County*,
   232 Fed.Appx. 626 (9th Cir. 2007) ......................................................................... 5

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) .............................................................................. 6

**Statutes**

28 U.S.C. § 1400 .......................................................................................................... 5

28 U.S.C. § 1400(b) ..................................................................................................... 6

Cal. Civ. Code § 1636 ................................................................................................. 2

Cal. Civ. Code § 1638 ................................................................................................. 2

Cal. Civ. Code § 1641 ............................................................................................. 2, 3

## I. INTRODUCTION

Defendants Aduro and Braha hereby respond to Plaintiff Therabody's Opposition (Doc. 27, "Opposition Brief" or "Opp'n Br.") to the Motion to Dismiss First Amended Complaint (Doc. 25, "Motion"), which should be granted in full.

First and foremost, the patent venue statute is strictly interpreted. It requires that a defendant is either a resident of or has "a regular and established place of business" in the judicial district. Plaintiff's FAC alleges neither, and its new argument — that use of a third party warehouse to store goods not accused of infringement constitutes a regular and established place of business of the defendant — is not supported by the law. Plaintiff's patent infringement claims are not properly venued in this judicial district and must be dismissed or transferred.

Plaintiff's plea for discretion does not warrant a different conclusion. Plaintiff asks the Court to find patent venue under an inapplicable doctrine based on its conclusory allegations of breach of an Agreement (Doc. 25-2, 27-2) between the parties about a different dispute. That Agreement does not pertain to the allegations of patent infringement in the FAC, which Plaintiff admits arose *after* the Agreement. The Agreement's recitation of "any product that infringes" — a provision not relied upon in the FAC — does not apply because it refers to the then-existing, disputed activities. In other words, the alleged infringement cannot be a breach of the Agreement as a matter of law, and the breach of contract claim should be dismissed without leave to amend. Regardless, the alleged breach does not justify pendant venue over the new patent infringement claims. The Agreement does not address venue. And Plaintiff's claim of breach, which is subject to the broad general venue statute, depends on the patent infringement claims, which Courts have recognized post-*TC Heartland* to be subject to the strict and narrow constraints of the patent venue statute.

Lastly, the Agreement makes no provision for personal jurisdiction of this

Court over Braha, and neither the FAC nor the Opposition Brief allege any facts that would establish such personal jurisdiction or justify his treatment as the alter-ego of Aduro. Therabody's claims against Braha should be dismissed.

## II. ARGUMENT

### A. The FAC Does Not State a Claim for Breach of Contract

Plaintiff's Opposition argues that the Court should find in its favor because the Agreement included a representation in Section 2(b) that, "as of the Effective Date," Aduro "***shall have ... ceased and desisted***" from selling the Aduro Sport Massage Gun PRO shown in Exhibit A and/or "***any product that infringes the Therabody Patents.***" Agreement, Doc 27-2 (emphasis added). Plaintiff improperly seeks to recast Aduro's agreement to cease-and-desist the then-disputed activities as a promise by Aduro that it would never subsequently sell other, new products that Therabody might allege to infringe the Therabody patents. The plain language does not permit such an interpretation.

This expansive interpretation, which is not alleged in the FAC, is contrary to the intent and purpose of the Agreement. "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992); *see* CAL. CIV. CODE § 1636. To determine the parties' intent, California courts "look first to the language of the contract . . . ." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 288 (2014). If the language is "clear and explicit, it governs." *Bank of the W.*, 2 Cal. 4th at 1264; CAL. CIV. CODE § 1638. But "[t]he whole of a contract is to be taken together, . . . each clause helping to interpret the other." CAL. CIV. CODE § 1641; *see also* § 1650. Any contradictory provisions must be "reconciled, if possible", "subordinate to the general intent and purpose of the whole contract." *Id.* § 1652.

The Agreement was made (as indicated in the recitals) because "the Parties desire[d] to resolve all aspects of ***the*** [then] ***present disputes*** between them . . . ."

Agreement, Doc. 27-2 at 2 (emphasis added). Their disputes arose (as also indicated in the recitals) from Therabody's assertion that Aduro's sales of its **Sport Massage Gun PRO** infringed Therabody's patents. *Id.* Importantly, the Agreement in section 2(b) regarding "any product that infringes the Therabody Patents" provided for a "cease and desist" of activities that existed at that time, not an agreement that Aduro would never do anything else that Therabody might — legitimately or not — allege to be infringing (as Plaintiff now argues). *Id.*

The FAC does not identify Section 2(b) of the Agreement or make allegations corresponding to the elements for breach of contract (*see* Motion at 10) that would put Defendants on notice of Plaintiff's theory for breach as set forth in its Opposition. A plaintiff is obliged to "provide the 'grounds' of his 'entitle[ment] to relief'" with "more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2008); *Iqbal*, 556 U.S. at 678. The FAC thus fails to state a claim for breach of contract, and must be dismissed.

Moreover, the Plaintiff cannot plausibly amend the FAC to state a claim for breach of contract. Plaintiff contends that section 2(b) of the Agreement was breached by Aduro's importation and sale of the **Recovery Massage Gun MAX GRIP**, but this product was not part of the "present disputes" resolved by that Agreement. Agreement, Doc 27-2 at 2. Therabody admits that it became aware of this new product *after* the effective date of the Agreement, and it does not contend that this product was being sold at the time of the Agreement. *See* Opp'n Br. at 2. For these further reasons, leave to amend would be futile and should be denied. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (denial appropriate where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

**B.     The Patent Claims Are Not Properly Venued in This Court**

**1.     Aduro Did Not Consent to Patent Venue**

Plaintiff incorrectly argues that Aduro consented broadly to *exclusive personal jurisdiction* of this Court for all their disputes and that this constitutes an assent to *venue under the patent statute* for their entirely new patent infringement claims. The question of personal jurisdiction is, however, distinct from the question of proper venue. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("personal jurisdiction . . . goes to the court's power to exercise control over the parties"; "venue . . . is primarily a matter of choosing a . . . forum").

Specifically, Plaintiff points to Section 9 of the Agreement[1] as showing that Aduro consented to personal jurisdiction and venue of courts in the County of Los Angeles without limitation to breach of contract. Opp'n Br. at 4-5. But Section 9 as a whole is directed to "[t]his Agreement" which, as discussed above in Section II.A, pertained to the prior disputes. The infringement claims in the FAC have nothing to do with the disputes addressed by the prior Agreement and, indeed, arose *after* the effective date of that Agreement. Opp'n Br. at 2. Plaintiff's argument that Section 9 should apply to the new infringement claims because it would reasonably apply to ones resolved by the Agreement, is baseless. For at least these reasons, Section 9 should not be extended to cover *other and future disputes* between Therabody and Aduro (e.g. the current patent infringement allegations), as Plaintiff argues.[2]

---

[1] The heading of Section 9 is "Governing Law and Venue." But as noted in Section 14 of the Agreement, the section headings are "intended for convenience only."

[2] Plaintiff's argument for interpretation of the Agreement to avoid "multiple proceedings in different jurisdictions on closely related claims" is untenable. Opp'n Br. at 5. In any event, the breach alleged in the FAC depends entirely on the patent claims, so the infringement can be addressed by one court and a separate court can decide whether the infringement constitutes a breach. Indeed, the breach of contract claim is arguably not ripe unless and until there is a finding of infringement, given that the Agreement refers to "any product that infringes," suggesting that a finding of infringement is a predicate to the breach of contract claim.

Even if the provisions of Section 9 were to apply to all the claims in this litigation, they do not constitute a waiver of the right to challenge patent venue. Section 9 refers only to *jurisdiction* and explicitly provides that Therabody and Aduro "waive any right to contest personal jurisdiction" in the LA County courts. In contrast, Section 9 says nothing about venue, let alone venue of patent infringement claims under the patent statute, and does not constitute a waiver of rights to contest patent venue. Motion at 2-3. Defendants have not acquiesced to venue and therefore maintain the right to challenge patent venue. *See In re Micron Tech.*, 875 F.3d 1091, 1101 (Fed. Cir. 2017); *Olberding v. Illinois C.R. Co.*, 346 U.S. 338, 340 (1953) (noting re venue that a defendant "has a right to invoke the protection which Congress has afforded him").

### 2. Aduro does not have a "regular and established place of business" within this judicial district

The FAC does not allege that Aduro has a "regular and established place of business" that would satisfy the requirements of the patent venue statute, 28 U.S.C. §1400. In its Opposition Brief, Plaintiff argues that a warehouse at 15000 E. Nelson Avenue, City of Industry, California constitutes a regular and established place of business of Aduro because Aduro represented in the Agreement that its "Remaining Inventory" of the product then in dispute was located "in a warehouse" at this location. Opp'n Br. at 6; Agreement, Doc. 27-2, at 3(a), 3(f). This is insufficient under Federal Circuit law to satisfy the patent venue statute, particularly in view of the evidence provided.[3]

---

[3] Plaintiff's assertion that Aduro "has waived any arguments regarding its use of this facility by not raising them in its moving papers" (Opp'n Br. at n. 2) lacks merit. Aduro could not have responded in its moving papers to an allegation not yet made. Arguments and evidence in reply papers that are, as here, responsive to matters raised in the opposition papers, are allowed. *See Clark v. County of Tulare*, 755 F. Supp. 2d 1075, 1090 (E.D. Cal. 2010); *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. 2007).

As acknowledged by Plaintiff, Defendants provided declaration testimony in support of their Motion stating that "Aduro does not own, rent or lease any property in California." *See* Declaration of Jack Braha at ¶6 (Doc. 25-1, "Braha Dec'n"). Plaintiff cites *In re Cray,* 871 F.3d 1355, 1363 (Fed. Cir. 2017) as holding that "a facility does not have to be owned, rented or leased to satisfy the patent venue statute" ***if*** a party "exercise[s] ... attributes of possession or control over the place." Opp'n Br. at 6. Plaintiff does not, however, allege ***any*** attributes of possession or control of the City of Industry warehouse by Aduro.

A party's mere storage of inventory at a third party's location is not sufficient to demonstrate the location is a "place of business" of the party, let alone a regular and established one. As explained in *In re Cray,* there must be *"a physical place, of business, of the defendant."* 871 F.3d at 1364. "[T]he place of the defendant' means . . . the defendant must establish or ratify the place of business." *Id.* at 1363. "Potentially relevant inquiries include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself." *Id.* at 1363-64 (citing *In re Cordis*, 769 F.2d 733, 735 (Fed. Cir. 1985)). In addition, "the defendant must actually engage in business from that location" and that business must be "carried on 'regularly' and not merely temporarily, or for some special work or particular transaction." *Id.* at 1364. Such is not the case here.[4]

Therabody bears the burden of demonstrating that patent venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). It has not done so, and in view of the testimony provided, it cannot do so here.

---

[4] Aduro "has no employees who live in California," "is not registered or licensed to do business in California," and "does not have a mailing address, telephone number or fax listing in California." Braha Dec'n at ¶¶ 7, 8, 12; Fraizer Dec'n at ¶ 3, Ex. A.

### 3. The pendant venue doctrine cannot compensate for the lack of patent venue pursuant to 28 U.S.C. §1400

The pendant venue doctrine should not be applied to patent infringement claims, for which venue is narrowly and strictly prescribed by statute, based on a related claim that is subject to the general venue statute. As explained by the U.S. Supreme Court, patent venue under 28 U.S.C. § 1400(b) "is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961); *see also Gamboa v. USA Cycling, Inc.,* No. 2013 WL 1700951, at *4 (C.D. Cal. Apr. 18, 2013) (declining to apply pendent venue doctrine where doing so would undermine statutory protections).

Plaintiff states that "courts have applied the pendent venue doctrine over patent claims . . . ." Opp'n Br. at 7 (citing *Martensen v. Koch,* 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013) and *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F.Supp.2d 928, 965 (N.D.Cal. 2012)). Neither of these cases involved patent claims. Further, the claims in each case were based on the same facts and subject to the same general jurisdiction statute — unlike the present case where the breach of contract claim is subject to the general venue statute and the patent claims arising from other facts are subject to the specific patent venue statute.

Plaintiff argues that *Omega Patents, LLC v. CalAmp Corp.,* 2017 U.S. Dist. LEXIS 186645, *7 (M.D. Fl. Sept. 22, 2017) is applicable to the facts of this case (Opp'n Br. at 7-8), but it is easily distinguished from this case. *Omega Patents was* filed before, but tried after, the decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). Importantly, the parties explicitly agreed they would not challenge venue for litigation of certain patents in the Middle District of Florida, and the defendants did not timely object to venue for other patent claims. *Id.* The court found that all the patent claims arose out of a common

nucleus of facts and that venue was proper for some patent claims, supporting pendant venue, but also determined that defendant had waived its objections to venue by proceeding through to trial. *See Omega Patents,* 2017 U.S. Dist. LEXIS 186645 at *2-*9. Here, unlike in *Omega Patents,* Defendants have not assented to any venue of related patent claims and their objections are timely.

Plaintiff further urges the Court to consider principles of judicial economy, convenience, avoidance of piecemeal litigation, and fairness in determining whether to find venue of a claim proper under the pendant venue doctrine. But it cites no decision in any case filed since the Supreme Court's *TC Heartland* ruling where a court has relied on such considerations to override the Supreme Court's strict interpretation of the patent venue statute, and counsel for Defendants is not aware of any. Rather, post-*TC Heartland,* courts consistently decline to exercise pendant venue over patent infringement claims when the patent venue statute is not met. Motion at 6-7. The Court should similarly do so here.

### C. The Patent Claims Are Not Properly Asserted Against Braha
#### 1. The FAC Fails to Allege Facts to Support a Claim of Alter-Ego and/or Personal Liability of Braha

The FAC alleges that Aduro and Braha were "alter egos . . . of each other." Motion at 12; Opp'n Br. at 11; FAC at ¶6. Plaintiff now argues that "Aduro and Braha share a unity of interest and ownership such that the individuality, or separateness, of Braha and Aduro has ceased." Opp'n Br. at 11. But such allegations are not in the FAC and are belied by the Agreement and the law.

Plaintiff's reliance on the Agreement is misplaced. Under the Agreement, Defendant Braha was merely obligated to certify the destruction and sell-off of inventory of the Aduro Sport Massage Gun PRO. The Agreement further provided that Therabody could take action against Braha in his individual capacity to collect unpaid settlement amounts due. Agreement, Doc. 27-2 at §§ 2(c), 3, & 8. Plaintiff does not allege that Braha breached his obligations under the Agreement or any

facts that demonstrate Braha is the alter-ego of Aduro. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015) ("a plaintiff must allege specific facts supporting both of the elements of alter ego liability").

Plaintiff also argues that Braha, as a corporate officer of Aduro, is personally liable for his acts of willful and induced infringement. This is not, however, an unqualified rule. Rather, "[t]he policy considerations that underlie the corporate structure yield to personal liability for corporate acts only in limited circumstances." *Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1411, 1412 (Fed. Cir. 1996) (holding that personal liability for inducement to infringe must be supported by personal culpability).

Here, the FAC does not plead personal liability of Braha as an officer or allege any basis supporting Braha's personal culpability. Plaintiff says that "Braha was notified that the Aduro Max Grip massage gun infringed the Asserted Patents," citing paragraph 22 of the FAC. Opp'n Br. at 10. But this paragraph states that "Therabody notified Defendants by their counsel of record." Plaintiff says that "Braha was personally responsible for decisions directing Aduro's employees to continue selling the Aduro Max Grip," and "directed Aduro employees to continue to sell the infringing Max Grip massage gun," citing paragraph 23 of the FAC. *Id.* at 10, 13. But this paragraph merely states, in relevant part, that "Defendants continued to sell the Infringing Product despite notice . . . ."

As explained in Defendants' Motion, such generalized allegations of action by "Defendants" do not provide a basis to treat Braha as the alter-ego of Aduro. They also do not provide a basis for personal liability as now argued.

### 2. This Court Lacks Personal Jurisdiction over Braha

There is no basis to find that this Court has personal jurisdiction over Braha. Plaintiff points to Section 9 of the Agreement and says Braha consented to the jurisdiction of this Court. Opp'n Br. at 4-5, 11, 14. This is not correct. The

provisions of Section 9 pertain to the "Parties," defined in the first paragraph of the Agreement as Therabody and Aduro (only). Section 9 does not pertain to Braha.

Plaintiff further argues[5] that "Braha's tortious acts in connection with Defendants' infringement . . . establish personal jurisdiction over him." Opp'n Br. at 11. The FAC and Opposition Brief identify no acts of Braha directed at California that could be reasonably foreseen to make Braha amenable to personal jurisdiction in California. Plaintiff also relies on "Braha's status as President of Aduro" and asserts that he "makes the key decisions regarding the sale of Aduro's products." Opp'n Br. at 12, 13. This also is not alleged in the FAC. Even if it were, it is legally insufficient to demonstrate that this Court has jurisdiction over Braha. The Supreme Court "has long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1779 (2017)). Braha does not have a systemic, substantial, and continuous presence in California, and does not have minimum contacts required to establish specific jurisdiction in California. *See* Motion at 13-17.

Lastly, Plaintiff cannot impute the actions of Aduro to Braha in order to establish personal jurisdiction over Braha. Plaintiff does not show that Aduro is subject to personal jurisdiction in this Court based upon its actions; rather, it relies on section 9 of the Agreement. Opp'n Br. at 14 ("Aduro agreed to the jurisdiction of the California courts in connection with Therabody's previous infringement claims against Aduro," citing section 9 of the Agreement).

### D. Narrowly Tailored Discovery is not Warranted

Plaintiff's request for "limited and narrowly tailored discovery" should be denied. Opp'n Br. at 15. Defendants have provided evidence demonstrating lack of

---

[5] Plaintiff's argument that the fiduciary shield doctrine as reflected in Ninth Circuit law does not protect Braha is misplaced. Defendant did not make such an argument, as Federal Circuit law applies to the facts here. *See* Motion at 14.

patent venue, and Plaintiff has not identified any plausible basis for jurisdiction of this court over Braha. There is no need for discovery on these issues.

### III. CONCLUSION

The patent claims must be dismissed or transferred. The statutory patent venue requirements are not satisfied, the Agreement does not address patent venue, and the allegations of breach do not establish a basis for the Court to exercise pendant venue. Further, the Agreement, which provided for a cease-and-desist of the then-disputed activities, is not plausibly breached by Aduro's new allegedly infringing activities. The breach of contract claim should be dismissed without leave to amend. Lastly, the FAC does not state any claim against Braha in his personal capacity nor does it provide any basis for the Court to find jurisdiction over him. The claims against Braha should be dismissed.

Respectfully submitted,

Dated: April 25, 2022

By: /s/ *Tamara D. Fraizer*
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
Squire Patton Boggs (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
Telephone: (650) 856 6500
Facsimile: (650) 843 8777

Steven M. Auvil (*pro hac forthcoming*)
steven.auvil@squirepb.com
Woli I. Urbe (*pro hac forthcoming*)
woli.urbe@squirepb.com
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479 5500
Facsimile: (216) 479 8780

Attorneys for Defendants
Aduro Products LLC and Jack Braha